IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-02113-CNS-KLM

KRISTINE MARANDOLA, a citizen of Arizona,

    Plaintiff,

v.

PUEBLO SUZUKI, INC., a Colorado corporation d/b/a as Rocky Mountain Boat Company; LAND 'N' SEA DISTRIBUTING, INC., a Florida corporation d/b/a Seachoice Products; and ATTWOOD CORPORATION,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on Defendants' Objection to Recommendation of United States Magistrate Judge. (ECF No. 59). In the challenged Recommendation, Magistrate Judge Mix recommended granting Plaintiff's Motion [to Clarify] Choice of Law to Establish Maritime Law as Applicable in this Case. (ECF No. 55). As set forth below, the Court AFFIRMS and ADOPTS the Recommendation.

### I. BACKGROUND

This product liability case arises from a boat accident on Lake Powell in which a carabiner connecting the anchor line used to tow a disabled boat failed and struck Plaintiff in the head. (ECF No. 10, p. 2). Through the underlying motion at issue (ECF No. 30), Plaintiff sought a ruling to clarify the applicable law of the case. Magistrate Judge Mix held that (1) the Court had jurisdiction

1

under the admiralty and maritime statute, 28 U.S.C. §1333; (2) federal maritime law with its adoption of Section 402A of the Restatement of Torts applied to this case; and (3) Colorado's innocent seller provision was not applicable as it is contrary to maritime law.  (ECF No. 55, p. 15). Defendants Attwood Corporation and Land 'N' Sea Distributing, Inc. timely filed their objection to the Magistrate Judge's Order, to which Defendant Pueblo Suzuki, Inc. joined.  (ECF No. 59, ECF No. 60).

## II.  STANDARD OF REVIEW

A magistrate judge's recommendation on a non-dispositive issue will be affirmed unless it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).  Under the clearly erroneous standard, the Recommendation will be affirmed unless, upon review of the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *Id.*

## III.  ANALYSIS

Defendants only partially object to Magistrate Judge Mix's Recommendation; they agree that this Court has jurisdiction under maritime law and that general maritime law governs the present case.  Defendants contend, however, that the Colorado innocent seller statute may be used in conjunction with general maritime law because, in their view, (1) it does not conflict with Section 402A; (2) courts have carved out multiple exceptions to the application of general maritime law; and (3) as "distributors," Defendants are not sellers under Section 402A and therefore, applying general maritime law would have the same result as allowing the Colorado innocent seller statute to supplement it.  (ECF No. 59, pp. 3-7).

The Court has reviewed the Recommendation, Defendants' Objection, the underlying motion and related briefing, and the applicable caselaw. Magistrate Judge Mix has presented the Court with a thorough analysis of the issues, which the Court approves and adopts as an order of this Court.

First, Magistrate Judge Mix properly concluded that jurisdiction under the admiralty and maritime statute exists in this case. (ECF No. 55, pp. 4-7). She next determined that with admiralty jurisdiction substantive maritime law applies, and that product liability law, including strict liability, is part of that substantive maritime law. (ECF No. 55, pp. 8-11); *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986)).

Magistrate Judge Mix then considered the application of state law to supplement maritime law. She concluded that absent any conflict with general maritime law, state law may be applied to admiralty cases where general maritime law is silent or where a local matter is at issue. (ECF 55, p. 10); *Floyd v. Lykes Bros. S.S. Co.*, 844 F.2d 1044, 1047 (3d Cir. 1988); *Coastal Iron Works, Inc. v. Petty Ray Geophysical, Div. of Geosource, Inc.*, 783 F.2d 577, 582 (5th Cir. 1986). In embracing a test set forth by the Fifth Circuit, Magistrate Judge Mix concluded that three factors must be considered in determining whether a federal maritime rule or state law will control a disputed legal issue: (1) whether the federal maritime rule constitutes "entrenched federal precedent"; (2) whether the state has a substantial and legitimate interest in the application of its law; and (3) whether the state law is "materially different" from the federal maritime rule. (ECF 55, p. 11); *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882, 887 (5th Cir. 1991).

In admiralty cases, courts addressing product liability claims have almost universally adopted Section 402A of Restatement (Second) of Torts. *See*, *e.g.*, *Vickers v. Chiles Drilling Co.*,

3

822 F.2d 535, 537 (5th Cir. 1987); *Pan-Alaska Fisheries, Inc. v. Marine Const. & Design Co.*, 565 F.2d 1129, 1135 (9th Cir. 1977). Thus, like Magistrate Judge Mix, this Court considers Section 402A to be "entrenched federal precedent." Section 402A allows plaintiffs to sue the seller of defective products. In contrast, in Colorado, under the innocent seller statute, plaintiffs may only sue a seller if they attempt and fail to obtain jurisdiction over the manufacturer. Colo. Rev. Stat. § 13-21-402(2).

Defendants first argue that Colorado's innocent seller statute does not conflict with general maritime law because the statute does not preclude the Plaintiff from pursuing her claims against the current Defendants but simply requires her to add the manufacturer as a party to the case. (ECF No. 59, p. 7). The innocent seller statute prohibits product liability actions against any seller unless the seller is also the manufacturer. § 13-21-402(1). Indeed, a seller can *only* be sued if a plaintiff cannot obtain jurisdiction over the manufacturer. § 13-21-402(2). Magistrate Judge Mix properly concluded that this statute conflicts with federal maritime law because, under Section 402A, plaintiffs may hold liable *both* manufacturers and sellers. (ECF No. 55, p. 12). As Magistrate Judge Mix correctly noted, the innocent seller statute restricts who can be sued, and therefore, it conflicts with and is materially different from federal maritime law. (ECF No. 55, p. 12).

Defendants next argue that Magistrate Judge Mix's Recommendation does not explain why Colorado's innocent seller statute may not be one of the multiple exceptions that courts have made when applying general maritime law to a product's liability claim. (ECF No. 59, p. 4). To support their argument, Defendants rely on *Pan-Alaska Fisheries*, wherein a panel of the Ninth Circuit allowed a comparative fault defense despite Section 402A comment "n" express prohibition on employing contributory negligence as a defense in product liability claims. (ECF. No. 59, p. 4);

4

*Pan-Alaska Fisheries, Inc.*, 565 F.2d at 1139. In Defendants' view, the *Pan-Alaska* court carved out an exception to Section 402A's prohibition against the defense of contributory negligence. (ECF No. 59, p. 4). Defendants, however, misconstrue the *Pan Alaska* decision. In *Pan Alaska*, the Ninth Circuit did not supplement federal maritime law with a state's comparative fault defense or carve out an exception to the contributory negligence prohibition. It simply refused to follow comment "n" at a time when both states and federal maritime law were moving away from contributory negligence and adopting the comparative fault doctrine. *Pan-Alaska Fisheries, Inc.*, 565 F.2d at 1137-39. Magistrate Judge Mix appropriately explained that while state law may be used to "fill a gap" in admiralty law, the application of federal maritime law to this case entirely displaces the Colorado innocent seller statute because Section 402A leaves no gap to fill regarding whom a Plaintiff may sue in a products liability case. (ECF No. 55, p. 11).

Finally, Defendants argue, for the first time, that Section 402A does not cover distributors such as themselves. (ECF No. 59, p. 5). The Court will not consider new arguments raised in objections to a recommendation that were not considered by the Magistrate Judge. *See, e.g.*, *Colorado v. Kindred Healthcare, Inc.,* No. 15-CV-02759, 2021 WL 1085423, at *11 (D. Colo. Mar. 22, 2021) (citing *Parks v. Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014)).

## IV. CONCLUSION

Upon review of the record, this Court concurs with the analysis and conclusions of Magistrate Judge Mix that federal maritime law governs this case and displaces the Colorado innocent seller statute. The Court overrules Defendant's Rule 72 Objections (ECF No. 59) and AFFIRMS and ADOPTS Magistrate Judge Mix's Recommendation. (ECF No. 55). The Plaintiff's Motion for Choice of Law (ECF No. 30) is GRANTED.

DATED this 31th day of August 2022.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge